IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs April 1, 2025

## TARENCE NELSON v. STATE OF TENNESSEE

**Appeal from the Criminal Court for Shelby County**
No. 10-02396      Chris Craft, Judge
_____

**No. W2024-01516-CCA-R3-ECN**
_____

Petitioner, Tarence Nelson, was convicted by a jury of two counts of first degree premeditated murder and sentenced by the trial court to two consecutive terms of life imprisonment. In 2023, Petitioner filed his third petition for writ of error coram nobis ("the third petition") claiming that a Sig Sauer P229 handgun ("the Sig Sauer") that he hid in a computer at his home following the 2009 murders was newly discovered evidence. The Sig Sauer was found after Petitioner revealed its location and the coram nobis court by order entered on July 20, 2021, appointed counsel to represent Petitioner on the fingerprint analysis petition filed in conjunction with Petitioner's second petition for writ of error coram nobis. Because Petitioner knew the location of the Sig Sauer at the time of his trial and because Petitioner was solely at fault in failing to present the Sig Sauer as evidence "at the proper time," error coram nobis relief is not available. Tenn. Code Ann. § 40-26-105(b). We affirm the judgment of the coram nobis court in summarily dismissing the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which TOM GREENHOLTZ and KYLE A. HIXSON, JJ., joined.

Tarence Nelson, Henning, Tennessee, Pro Se.

Jonathan Skrmetti, Attorney General and Reporter; Abigail H. Hornsby, Assistant Attorney General; and Steven J. Mulroy, District Attorney General, for the appellee, State of Tennessee.

# OPINION

## Procedural Background

The murder victims were Petitioner's girlfriend, who was eight months pregnant, and Petitioner's unborn child. *State v. Nelson*, No. W2011-02222-CCA-R3-CD, 2013 WL 12185279, at *1 (Tenn. Crim. App. May 24, 2013), *perm. app. denied* (Tenn. Oct. 16, 2013). Petitioner killed his girlfriend by shooting her in the back of the head and in the abdomen, and Petitioner's unborn child "died from utero-placental insufficiency due to lack of oxygen" caused by his mother's death. *Id*. at *3-4. Petitioner testified that he shot his girlfriend in self-defense with a 9-millimeter handgun after she attempted to shoot him with his Sig Sauer, which he claimed she obtained from the glove compartment of the rental car that he drove from Murfreesboro to Memphis. *Id*. at *4. After shooting his girlfriend, Petitioner "grabbed the items around him, including both firearms, and ran out of the house." After leaving the victims' house, he drove to another girlfriend's house in Memphis where he spent the night. *Id*. Petitioner also testified that "he later hid the victim's laptop, phone, a Sig Sauer and the 9[-]millimeter handgun 'under a barn in Murfreesboro' because he had heard that the police wanted to talk to him." *Id*. Investigators never located the murder weapon, and neither the Sig Sauer nor the 9-millimeter handgun was introduced into evidence at trial. *Id*. at *8. The jury rejected Petitioner's theory of self-defense and found Petitioner guilty of two counts of premeditated first degree murder. This court affirmed the convictions and sentence. *Id*. at *10.

Petitioner subsequently sought post-conviction relief, claiming that "trial counsel was ineffective for failing to turn over certain firearms to law enforcement for testing, failing to request funds to hire a ballistics expert, failing "to present characteristics of the HK USP 9[-]millimeter firearm used in the shooting," and failing to request oral argument on direct appeal." *Nelson v. State*, No. W2017-02063-CCA-R3-PC, 2019 WL 3777030, at *5 (Tenn. Crim. App. Aug. 12, 2019), *perm. app. denied* (Tenn. Jan. 15, 2020). Trial counsel testified that, at the request of Petitioner, he retrieved firearms "from under the [barn] in Murfreesboro, [but he] could not recall whether one of the firearms was the alleged murder weapon but noted he thought he found 'a 44[-]millimeter handgun and [] a pistol grip shotgun 12 gauge.'"[1] *Id*. at *7. After telling Petitioner he retrieved two firearms from the [barn], Petitioner told trial counsel that "the gun used to shoot the victim had a

---

[1] Petitioner claims in the third petition that he testified at the post-conviction hearing that he told trial counsel about having hid the weapon with which the victim threatened him in "one of [Petitioner's] computers." In the post-conviction appeal, this court stated that Petitioner did not raise this argument at the post-conviction hearing and that the only argument raised at the post-conviction hearing regarding trial counsel's possession of the murder weapon was that trial counsel was ineffective for failing to present characteristics concerning the hair trigger of the firearm to the jury.

hair trigger." Trial counsel fired the handgun to test it for a hair trigger, but he "didn't find anything improper with the trigger." Trial counsel stated that "the firearms were currently at his house." *Id*. This court found that Petitioner failed to show that trial counsel's performance was deficient and affirmed the post-conviction court's dismissal of the petition. *Id*. at \*11.

On October 5, 2017, while the appeal of his petition for post-conviction relief was pending, Petitioner filed a petition for writ of error coram nobis ("the first petition") and a petition to reopen his post-conviction proceeding. The coram nobis court stayed both matters until Petitioner's appellate remedies on his post-conviction appeal were exhausted. According to Petitioner, the first petition alleged a *Brady* violation in connection with the then-unrecovered Sig Sauer. Both the first petition and the petition to reopen were summarily dismissed, and Petitioner did not appeal.[2]

On June 11, 2020, after this court denied post-conviction relief, the petition for writ of error coram nobis and the motion to reopen the petition for post-conviction relief, Petitioner filed another petition for writ of error coram nobis ("the second petition"), requesting "to have two guns subpoenaed so that he could attempt to secure a retrial of his case in the hopes that a new jury would believe his theory of self-defense." *Nelson v. State*, No. W2021-00896-CCA-R3-ECN, 2022 WL 1134772, at \*1 (Tenn. Crim. App. Apr. 18, 2022), *no perm. app. filed*. The coram nobis court summarily dismissed the second petition, and this court affirmed, holding that Petitioner's claim fails for the reasons espoused by the coram nobis court:

> First, his petition for writ of error coram nobis is untimely in that it was filed well beyond the expiration of the statute of limitations. Second, Petitioner knew about the guns which were the basis of the petition for writ of error coram nobis at the time of trial. As such, the evidence presented was not newly discovered evidence that would affect the outcome of the trial.

*Id*. at \*2.

On July 16, 2021, while the appeal of the second petition was pending, Petitioner filed a petition for post-conviction fingerprint analysis seeking to have the Sig Sauer tested ("the fingerprint analysis petition").[3] Contrary to his trial testimony, Petitioner now claimed that he had hidden the Sig Sauer and two magazines inside a computer at his home and that the computer had been seized before trial when his house was searched and that

---

[2] The record on appeal does not contain a copy of either petition. The claim that the first petition alleged a *Brady* violation is set out in the third petition.

[3] The record does not contain a copy of the fingerprint petition. This information is taken from the coram nobis court's September 17, 2024 order denying the third petition.

the computer had remained in the custody of the Memphis Police Department ("the MPD") "presumably undisturbed." The coram nobis court entered an order on July 20, 2021, appointing counsel to represent Petitioner on the fingerprint analysis petition and an order allowing appointed counsel access to the evidence seized by the MPD in its investigation. In the presence of Petitioner's appointed counsel, the Sig Sauer and magazines were discovered concealed inside a computer. The Sig Sauer and magazines were submitted to the Tennessee Bureau of Investigation ("TBI") for testing.

On August 28, 2023, while Petitioner's appointed counsel was in the process of having the Sig Sauer and magazines tested by the TBI, Petitioner filed the third petition for writ of error coram nobis based on what he claimed was the "recent recovery" of the Sig Sauer from the MPD. In the third petition, Petitioner repeated the claim he made in the fingerprint analysis petition—that he hid the Sig Sauer and two magazines in his IBM computer and that before trial "the police had seized all of his computers from his home." Petitioner now claims that trial counsel came to the jail before trial and gave him an itemized list of the seized property. Petitioner said he circled the computer in which he hid the Sig Sauer and that trial counsel told him that he "would retrieve the weapon before the police had a chance to find it and would present it during trial." Petitioner claimed that he wanted trial counsel to have the Sig Sauer and the magazines tested for fingerprints, arguing that without the Sig Sauer, Petitioner was portrayed to the jury "as a huge liar who shot an unarmed victim." Petitioner claimed that he filed the third petition "only two months after the Sig Sauer was recovered" and that he was entitled to due process tolling of the one-year statute of limitations because previously unavailable evidence became available when the Sig Sauer was discovered.

The State moved to dismiss the third petition, alleging that the judgment of the trial court became final and the statute of limitations began to run on October 3, 2011, and expired on October 3, 2012, and that Petitioner filed the third petition almost eleven years after the statute of limitations expired. The State argued that the Sig Sauer "was secreted by the Petitioner well in advance of the trial" and "was only discovered in 2022." The State argued that the record was "replete with evidence that [] Petitioner [was] solely at 'fault' for the untimely 'discovery' of the weapon" and that, except for Petitioner's conduct, the evidence could have been timely discovered and presented at trial.

On September 17, 2024, the coram nobis court entered a written order making extensive findings of fact, treating the third petition as "a request for DNA analysis . . . on the Sig Sauer and its [magazines] and ammunition" and dismissing the fingerprint petition pursuant to Tennessee Code Annotated section 40-30-312 because the results of testing were not favorable to Petitioner. The coram nobis court found that, if the third petition were treated as a petition for writ of error coram nobis, "it would be dismissed, as the

existence of this evidence was clearly known at the time of trial, is clearly not newly discovered evidence, and has been filed outside the one-year statute of limitation[.]"

Petitioner timely appealed.

## Analysis

Petitioner claims that the coram nobis court abused its discretion by summarily dismissing the third petition. The State argues that the coram nobis court properly exercised its discretion in summarily dismissing the third petition. We agree with the State.[4]

### Writ of Error Coram Nobis

A writ of error coram nobis in criminal cases is an "extraordinary procedural remedy," filling only a "slight gap into which few cases fall." *State v. Mixon*, 983 S.W.2d 661, 672 (Tenn. 1999). "A writ of error coram nobis will lie for subsequently or newly discovered evidence relating to matters which were litigated at the trial if the judge determines that such evidence may have resulted in a different judgment, had it been presented at the trial." Tenn. Code Ann. § 40-26-105(b). The writ comes "with stringent statutory requirements." *Clardy v. State*, 691 S.W.3d 390, 400 (Tenn. 2024). "In keeping with the extraordinary nature of the writ, the petition must be pled with specificity." *Id.* A trial court may grant the writ only when the coram nobis petition is in writing and describes "with particularity the nature and substance of the newly discovered evidence" and "demonstrates that it qualifies as newly discovered evidence." *Nunley v. State*, 552 S.W.3d 800, 816 (Tenn. 2018) (citing *Payne v. State*, 493 S.W. 3d 478, 485 (Tenn. 2016)). Error coram nobis relief is only available "[u]pon a showing by the defendant that the defendant was without fault in failing to present certain evidence at the proper time." Tenn. Code Ann. § 40-26-105(b). The decision to grant or deny coram nobis relief rests within the sound discretion of the trial court. *State v. Vasques*, 221 S.W.3d 514, 527-28 (Tenn. 2007).

Petitions for writ of error coram nobis are subject to a one-year statute of limitations. Tenn. Code Ann. § 27-7-103. "Timeliness under the statute of limitations . . . is not an affirmative defense; rather, it is one of the essential elements of a coram nobis claim." *Clardy*, 691 S.W.3d at 401. "[T]he coram nobis statute of limitations may be tolled only if the petitioner produces newly discovered evidence that would, if true, establish clearly and convincingly that the petitioner is actually innocent of the underlying crime of which he was convicted." *Id.* at 407. If a petition for a writ of error coram nobis fails to "show

---

[4] Petitioner did not raise the dismissal of the fingerprint analysis petition as an issue on appeal. We will accordingly address only the dismissal of the third petition.

on its face either that it has been timely filed in accordance with Tennessee Code Annotated section 27-7-103 or specific facts showing why the petitioner is entitled to equitable tolling of the statute of limitations, the trial court is within its discretion to summarily dismiss it." *Nunley*, 552 S.W.3d at 829.

According to this court's opinion in the direct appeal, Petitioner testified at his jury trial that he "hid the victim's laptop, phone, the Sig Sauer and the 9[-]millimeter handgun 'under a barn in Murfreesboro' because he had heard that the police wanted to talk to him." *Nelson*, 2013 WL 12185279, at *4. Petitioner disclosed years later that he hid the Sig Sauer and the two magazines in a computer at his house. By Petitioner's own admission, he knew the location of the Sig Sauer at the time of trial and lied to the jury about its location. Petitioner is not entitled to coram nobis relief because: (1) Petitioner was solely at fault in failing to present the Sig Sauer at trial; (2) the Sig Sauer is not newly discovered evidence; (3) the third petition was filed more than ten years after the statute of limitations expired and is untimely; and (4) Petitioner is not entitled to equitable tolling of the statute of limitations.

### Meritless Petition and Frivolous Appeal

Rule 22(B) of the Rules of the Court of Criminal Appeals states:

A "frivolous" appeal is not merely one that is likely to be unsuccessful. It is one that is so readily recognizable as devoid of merit that there is little, if any, prospect that it can ever succeed. To be frivolous, an appeal must be so clearly untenable or manifestly insufficient that its character may be determined by a bare inspection of the record, without argument or research.

The Sig Sauer was not newly discovered at the time Petitioner filed the first petition, the second petition, or the third petition. As Justice Koch stated in his concurring opinion in *Harris v. State*, the writ of error coram nobis "is not a 'catch-all' remedy that enables convicted persons to 'litigate and relitigate the propriety of their convictions ad infinitum[.]'" 301 S.W.3d 141, 148 (Tenn. 2010) (quoting *People v. Kim*, 202 P.3d 436, 447 (Cal. 2009)), *overruled on other grounds by Nunley*, 552 S.W.3d 800.

The third petition is devoid of merit, and this appeal is frivolous. Therefore, costs are taxed to Petitioner. *See Olivier v. State*, No. M2017-01056-CCA-R3-HC, 2018 WL 625120, at *1 (Tenn. Crim. App. Jan. 30, 2018) (taxing costs to the appellant after concluding that the appeal was frivolous and that the appellant was "abusing the appellate system by repeatedly filing frivolous appeals").

**Conclusion**

The coram nobis court did not abuse its discretion in summarily dismissing the third petition.  Accordingly, the judgment of the coram nobis court is affirmed.

_s/ Robert L. Holloway, Jr._
ROBERT L. HOLLOWAY, JR., JUDGE